IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NBL FLOORING, INC.**, on behalf of itself and all others similarly situated : : : **Plaintiff,** : : v. : : **TRUMBALL INSURANCE CO.**, *et al.* : : **Defendants.** : | CIVIL ACTION NO. 10-4398 |

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                                                                    **September 26, 2011**

      Plaintiff, NBL Flooring ("NBL"), has filed suit against two insurance companies, alleging that the insurers improperly charged it for workers' compensation insurance for independent contractors, when NBL is required to have such insurance only for employees. NBL sues on its own behalf and on behalf of a class consisting of "all businesses in Pennsylvania who contracted to purchase workers' compensation insurance from either Defendant . . . and were improperly charged for coverage of Independent Contractors Without Employees who were not entitled to, and did not benefit from, workers' compensation insurance (the 'Class')."[1] Defendants filed an answer and counterclaim, and have moved to strike the class allegations.

---

[1] Compl. ¶ 1.

I.     **LEGAL STANDARD**

Defendant moves to strike the class allegations from the complaint pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).[2] Whether a case may be maintained as a class action usually is first considered on a motion for class certification pursuant to Rule 23. "To determine if the requirements of Rule 23 have been satisfied, a district court must conduct a 'rigorous analysis.'"[3] In conducting this analysis, the court may examine materials beyond the pleadings, and discovery will often be appropriate.[4] If the court denies class certification, the class allegations may then be stricken.[5] In rare cases where it is clear from the complaint itself that the requirements for maintaining a class action cannot be met, a defendant may move to strike the class allegations before a motion for class certification is filed.[6] A motion to strike should not be granted when it is in the nature of an opposition to class certification, or if discovery is a necessary prerequisite to determining whether class certification is appropriate.[7]

---

[2] The Rule provides in relevant part that "[i]n conducting an action under this rule, the court may issue orders that: . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly... ." Fed. R. Civ. P. 23(d)(1)(D).

[3] Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 (3d Cir. 2011) (quoting In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 (3d Cir. 2008)).

[4] Id.

[5] Korman v. Walking Co., 503 F. Supp. 2d 755, 762-63 (E.D. Pa. 2007) (discussing the former version of the Rule and citing 7B Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure § 1795 (3d ed. 2005)).

[6] Andrews v. Home Depot U.S.A., Inc., No. 03-5200, 2005 WL 1490474, at *2 (D.N.J. June 23, 2005).

[7] See Korman, 503 F. Supp. 2d at 762-63.

## II.    DISCUSSION

Defendants argue that the Complaint does not identify a readily ascertainable class because an individualized determination would have to be made as to each potential class member, making class-action treatment inappropriate. However, it is not clear, solely from the allegations of the Complaint itself, that such individualized assessments will be required. The Complaint alleges that Defendants breached their contracts with Plaintiff, and the class, in part by "charging a final premium based on the false assumption that all independent contractors hired by customers were employees . . . instead of making a proper inquiry into whether the independent contractors were actually employees."[8] The Complaint also alleges that audits to determine the status of employees and independent contractors were conducted in an untimely and inappropriate manner.[9] These allegations speak to a blanket course of conduct that may apply to all insureds. Once all of the issues surrounding the allegations are examined in the context of a motion for class certification, it may well be that individualized determinations would be required for each class member on this issue, and that no class should be certified.[10] There may be other obstacles to class certification as well. The Court does not rule at this time whether a class should be certified; only that there is no reason in this case to circumvent the usual procedure whereby Plaintiff files a motion for class certification, which Defendants may oppose, and in connection with which affidavits or other evidence may be submitted. The motion to strike will be denied because Defendants have not established that this case is among

---

[8] Compl. ¶ 33.

[9] Compl. ¶ 34.

[10] See, e.g., Clavell v. Midland Funding LLC, No. 10-3593, 2011 WL 2462046 (E.D. Pa. June 21, 2011) (denying a motion for class certification where plaintiff's evidence showed that the proposed class was not identifiable because individualized inquiries would be required as to each putative class member's particular circumstances).

"the rare few where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."[11]

### III.   CONCLUSION

The Motion to Strike the Class Allegations will be denied without prejudice. An appropriate order will be entered.

---

[11] Landsman & Funk PC, 640 F.3d at 93 n.30.