IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NBL FLOORING, INC.**, on behalf of itself and all others similarly situated, | : : : | |
| **Plaintiff,** | : : | |
| v. | : : : | CIVIL ACTION NO. 10-4398 |
| **TRUMBALL INSURANCE CO.**, *et al.,* | : : : | |
| **Defendants.** | : : | |

### Memorandum Opinion and Order

**RUFE, J.**                                                                                     **August 1, 2012**

In 2007 and 2008, Plaintiff NBL Flooring, Inc., a carpet installation contractor, purchased workers' compensation insurance policies ("Policies") issued by Defendants Trumbull Insurance Co. ("Trumball") and Trumball's parent company, the Hartford Financial Services Group, Inc. ("HFSG"). The Policies described the process for calculating the premiums due, which involved multiplying a rate by a "premium basis."[1] Plaintiff paid *estimated* premiums in advance for these Policies, because "the precise amount of the premium could not be determined until after the end of the year, because the calculation depended on the number of employees and other covered individuals during the year."[2] The Policies required Plaintiff to submit to audits by Defendants

---

[1] The premium basis is calculated using a formula based upon remuneration paid or payable during the policy period (including payroll and/or the contract price for services and materials) "for the services of:

    1.    all your officers and employees engaged in work covered by this policy; and

    2.    all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations." Compl. ¶ 28.

[2] Compl. ¶ 28.

after the policy period ended, so that accurate final premiums could then be determined.

Plaintiff alleges that Defendants breached their contractual obligations to Plaintiff by including remuneration Plaintiff made to certain independent contractors in the premium basis used to calculate the final premiums. Plaintiff also alleges that Defendants breached their obligation to conduct an audit in good faith. As a result, Plaintiff alleges Defendant improperly charged NBL thousands of dollars in additional premiums. In the alternative, Plaintiff alleges unjust enrichment, in that Defendants have benefitted by charging and collecting workers' compensation premiums in excess of amounts due and owing. Plaintiff also includes a fraud count, claiming that Defendants made false or misleading statements about the amounts due and owing under the contract, and falsely claimed that they had conducted proper audits.

HFSG seeks dismissal of the breach of contract claims against it, arguing that it is neither Plaintiff's insurer nor a party to the Policies at issue. Both HFSG and Trumbull seek dismissal of the fraud claim, arguing that the fraud claim is barred by the gist of the action doctrine. Finally, both Defendants argue that the unjust enrichment claims should be dismissed, as any relationship between the parties is governed by a written contract.

**Standard of Review**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under substantially the same legal standard as a 12(b)(6) motion.[3] Dismissal for failure to state a claim is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[4] Something more than a mere

---

[3] Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

[4] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

*possibility* of a claim must be alleged; the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[5] Accordingly, the complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[6] But courts are not bound to accept as true legal conclusions couched as factual allegations.[7] In evaluating a Rule 12(c) motion, a court will treat well-pleaded facts in the complaint as true.[8] The Court may also consider any authentic written instruments on which the complaint is based if attached to the pleadings or the briefing on the motion.[9]

**Discussion**

1. Count I - Breach of Contract Claim against HFSG

Under Pennsylvania law, a defendant is liable for breach of contract only if it is a party to that contract.[10] To determine whether an entity is a party to an insurance policy, the Court must consider two factors: "1) the extent to which the company was identified as the insurer on the policy documents; and 2) the extent to which the company acted as the insurer."[11] The second factor is given significantly greater weight.[12]

---

[5] Id. at 570.

[6] Id. at 562 (quoting Car Carriers v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)).

[7] Id. at 555.

[8] Churchill v. Star Enterprises, 3 F. Supp. 2d 625, 627 (E.D. Pa. 1998).

[9] Id.; Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 256 n.5 (3d Cir. 2004); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993).

[10] Lockhart v. Fed. Ins. Co., No. 96-cv-5330, 1998 WL 151019, at *3 (E.D. Pa. Mar. 30, 1998) (citing Electron Energy Corp. v. Short, 597 A.2d 175, 177 (Pa. Super. Ct. 1991), Viso v. Werner, 369 A.2d 1185, 1187 (Pa. 1977)).

[11] Brown v. Progressive Ins. Co., 860 A.2d 493, 498 (Pa. Super. Ct. 2004).

[12] Id.

HFSG argues that although Trumball is a subsidiary of HFSG, HFSG itself is not the insurer and is not a party to the Policies.  In fact, HFSG argues, it is merely a holding company which does not issue *any* insurance policies.

Plaintiff alleges that references to "The Hartford" occur throughout the Policies and their attachments, demonstrating that HFSG is a party to the policies.  The Information Page for the Policies clearly indicates that Trumbull is the insurer.  However, the Important Notice page of the Policies, which is provided to employees, states that "The Hartford" is the employer's workers' compensation insurance carrier, and provides an address for "The Hartford" which is different from the one provided for Trumbull on the Information Page.  In addition, the cover page of the Policies prominently displays "The Hartford" and the stag logo, making no reference to Trumbull.  In addition, the Policy Adjustment Notice states that if a refund was owed to Plaintiff because the estimated premium was too high, "The Hartford" would mail the refund check.

Although HFSG correctly notes that the relevant insurance policies do not define "The Hartford" to mean HFSG or otherwise identify HFSG as a party to the contract, neither do they preclude such a connection.  Plaintiff sets forth plausible evidence from which one can infer that HFSG may be "The Hartford," which in turn may be a party to the Policies.[13]  The Court finds this issue is not ripe for resolution on the pleadings, and will allow discovery regarding HFSG's relationship to the Policies.  If appropriate, HFSG may renew its argument that it is not a party to the contract on a full factual record at a later point in the litigation.  Accordingly, the Court will deny Defendants' Motion for Judgment on the Pleadings as to Count I.

---

[13] Id. at 499 (where Progressive was listed as prominently as Mountain Laurel throughout the insurance policy, and the policy itself lacked guidance as to the identity of the insurer, the trial court correctly found that Progressive was an appropriate party to the action).

2.    Count II - Fraud Claim Against HFSG and Trumbull

Count II of the Complaint alleges that Defendants committed fraud. Defendants argue that Plaintiff's fraud claims should be dismissed as barred by the gist of the action doctrine.[14] The gist of the action doctrine precludes a plaintiff from recasting what is essentially a breach of contract claim as a tort claim (e.g., fraud or negligence).[15] In a contract action, duties are imposed by the contract.[16] In a tort action, including a fraud action, duties are imposed by law or social policy.[17] Where the allegations arise from an existing contract between the parties or the duties allegedly breached are created by or grounded in the contract, the doctrine will bar a tort claim.[18]

First, Plaintiff alleges that "[i]n connection with the sale of insurance to Plaintiff . . . Defendants supplied false, misleading, inaccurate and incomplete information about the amounts due and owing for workers' compensation insurance . . . ."[19] Plaintiff provides no context for these allegations and does not plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).[20] The Court cannot discern when the "false, misleading, inaccurate and

---

[14] Although the Supreme Court of Pennsylvania has not yet adopted the gist of the action doctrine, the Third Circuit and the Pennsylvania Superior Court have predicted that it will. Williams v. Hilton Grp. PLC, 93 F. App'x 384, 385 (3d Cir. 2004); eToll, Inc. V. Elias/Savion Adver. Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002).

[15] eToll, Inc., 811 A.2d at 14.

[16] Id.

[17] Id.

[18] Id. at 19-20.

[19] Compl. ¶ 44.

[20] Under Rule 9(b), Plaintiff is required to plead the elements of its fraud claim with particularity. It must "plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). In addition, a plaintiff may be required to identify the speaker, the content, the purpose, and the context for the misstatements at

incomplete" statements were made, the content of the statements, or whether the statements were inconsistent with the language of the Policies. Accordingly, the Court will dismiss this element of Plaintiff's fraud claim for failure to state a claim.

Plaintiff also alleges that Defendants committed fraud by misrepresenting the validity of the audits they conducted after the conclusion of the policy period. This is essentially an allegation that Defendants were improperly conducting audits and incorrectly calculating premiums, in breach of duties imposed by the Policies. As the liability under this theory clearly stems from Defendants' performance or breach of duties imposed by contract, this component of the fraud claim is barred by the gist of the action doctrine.[21]

3.  Count III - Unjust Enrichment Claims Against HFSG and Trumbull

In Count III, Plaintiff pleads unjust enrichment, an equitable remedy, in the alternative to its breach of contract claim. Without a complete record, the Court cannot determine whether both HFSG and Trumbull are parties to the Policies. Therefore, although the doctrine of unjust enrichment is inapplicable if the relationship between the parties is founded on an express contract,[22] here it is possible that discovery will reveal that one or more of the Defendants has a relationship with Plaintiff which is not entirely governed by the Policies.[23] As Federal Rule of Civil Procedure 8(d)(2) allows Plaintiff to plead in the alternative, the Court will not dismiss

---

the pleading stage of the litigation. In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 276-77 (3d Cir. 2006).

[21] See eToll, 811 A.2d at 20-21 (gist of the action doctrine precluded fraud claim where the alleged acts of fraud arose in the course of the contractual relationship and the breached duties relating to billing and performance were created by the contract, so that the fraud claims and the contract claims were inextricably intertwined).

[22] Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987).

[23] See Sheinman Provisions, Inc. v. Nat'l Deli, LLC, No. 08-cv-453, 2008 WL 2758029, at *4 (E.D. Pa. July 15, 2008).

Count III at this time.

**<u>Conclusion</u>**

For the aforementioned reasons, the Court will grant Defendants' Motion for Judgment on the Pleadings as to Count II, and deny it as to Counts I and III. An appropriate Order follows.