IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NBL FLOORING, INC., on behalf of itself and others similarly situated,<br>  Plaintiff,<br><br>v.<br><br>TRUMBALL INSURANCE CO., et al.,<br>  Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 10-4398 |

### MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                                                           **October 18, 2013**

Plaintiff, NBL Flooring ("NBL"), has filed suit against the defendant insurance companies alleging that they improperly charged NBL for workers' compensation insurance to cover certain independent contractors even though NBL is not required to carry such insurance for those independent contractors. NBL sues on its own behalf and on behalf of a proposed class consisting of "all businesses in Pennsylvania who contracted to purchase workers' compensation insurance from either Defendant . . . and were improperly charged for coverage of Independent Contractors Without Employees who were not entitled to, and did not benefit from, workers' compensation insurance."[1] Plaintiff's Motion for Class Certification includes, as an exhibit, an expert report prepared by a former insurance agent and broker Edward J. Priz.[2] Presently before the Court is Defendants' Motion to Strike Plaintiff's Expert Report.

### I.   FACTUAL BACKGROUND

NBL, a carpet installation company, alleges that it purchased workers' compensation

---

[1] Complaint ¶1.

[2] Expert Report of Edward J. Priz (Doc. No. 72, Ex. 4, pages 178-199).

1

insurance policies issued by Defendants Trumbull Insurance Co. ("Trumball") and Trumball's parent company, the Hartford Financial Services Group, Inc. ("HFSG") in 2007 and 2008. The Policies described the process for calculating the Workers' Compensation Insurance premiums due, which involved multiplying a rate by a "premium basis." The premium basis is calculated based on remunerations paid during the policy period to officers and employees of the company who are engaged in work covered by the policy, and to all other persons engaged in work for Plaintiff who could be eligible for Workers Compensation Insurance under the policy if injured, including certain independent contractors. Under the policy, independent contractors would be excluded from the premium calculation where NBL provided proof that those contractors' employers met their workers compensation obligations.

Plaintiff paid estimated premiums in advance for the Policies, as "[t]he precise amount of the premium could not be determined until after the end of the year, because the calculation depended on the number of employees and other covered individuals during the year."[3] The Policies required Plaintiff to submit to audits by Defendants after the policy period ended, so that accurate final premiums could be calculated.

Plaintiff alleges that Defendants breached their contractual obligations to Plaintiff by failing to conduct an audit in good faith and by improperly charging premiums for certain independent contractors after the audit.[4] As a result, Plaintiff alleges Defendants improperly charged NBL thousands of dollars in additional premiums in breach of their contract.

---

[3] Compl. ¶28.

[4] The Complaint also asserted claims of fraud, which were dismissed by the Court, and unjust enrichment as an alternative to the breach of contract claims.

As noted above, Plaintiff has filed a Motion for Class Certification, which is supported, in part, by an expert report issued by Edward J. Priz, who has worked in the insurance industry since 1976.  In that report, Mr. Priz notes that Hartford included in the premium basis the payments NBL made to uninsured independent contractors when the auditors found that the nature of the work performed by those contractors was an inherent part of the business of the insured (i.e. carpet installation), without regard to whether NBL exercised control over how the independent contractors performed their work.[5]  Mr. Priz notes that Pennsylvania's Worker's Compensation Act does not provide coverage for sole proprietors and partners, whereas other states do provide for such coverage, and opines that Defendants did not account for this distinctive aspect of Pennsylvania law in their audits.  Therefore, he opines, the criteria used by the auditors to determine whether or not to include payments to independent contractors in the premium charges were not the proper criteria under Pennsylvania law, and their use led to improperly high premiums for NBL.  He also opines as to the possible benefits *accurate* premium audits provide to policyholders, as they may lead to a refund of premiums paid based on estimates and a decrease in the cost of future premiums.  Finally, he opines that the criteria used by Defendants in the NBL audit were used in the audits of other Pennsylvania companies which employed independent contractors also.  Defendants seek to exclude Mr. Priz's testimony on procedural and substantive grounds.

## II.     STANDARD OF REVIEW

The Court must take the following factors into consideration in determining whether Mr. Priz's testimony should be excluded on procedural grounds: (1) the importance of the testimony;

---

[5] Priz Report at 4.

(2) the prejudice or surprise to the party against whom the excluded witnesses would have testified, (3) the ability of that party to cure the prejudice; and (4) bad faith or willfulness in failing to comply with the court's order.[6]

    Substantively, Federal Rule of Evidence 702 explains when expert testimony can be used:

> [I]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient fact or data, (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts.

Where a party seeks to exclude the testimony of an expert witness on substantive grounds, the Court must examine two factors: 1) is the proffered expert qualified, by knowledge, skill, or training, to express an expert opinion; and 2) is the process or technique used to formulate the expert opinion a reliable one?[7]  Under the Third Circuit framework, the focus of the Court's inquiry must be on the expert's methods, not his conclusions. An expert must demonstrate that he has good grounds for the opinion (i.e., the opinion is based on methods and procedures of science, *not subjective belief*) and a reasonable degree of certainty regarding the opinion.[8]  An expert need not necessarily use the best grounds or unflawed methods.[9]

---

[6] *Coalition to Save Our Children v. State Bd. of Ed. of State of Del.*, 90 F.3d 752, 789-90 (3d Cir. 1996).

[7] *In re TMI Litig.,* 193 F.3d 613, 664 (3d Cir. 1999).

[8] *See Daubert v. Merrell Dow Pharm. Inc.,* 509 U.S. 579, 590 (1993).

[9] *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 745 (3d Cir. 1994); *Holbrook v. Lykes Bros. S.S. Co.,* 80 F.3d 777, 784 (3d Cir. 1996).

**III.    DISCUSSION**

Plaintiffs assert that Edward J. Priz has expertise in commercial insurance cost and coverage issues, and particular expertise in Workers' Compensation insurance.  He has worked as an insurance agent and broker, and as a consultant on Workers' Compensation insurance classifications, premiums, and audits.  As noted above, Mr. Priz has submitted an expert report which contains his opinion "about the criteria used by Hartford auditors to determine whether or not to include payments to independent contractors in the premium charges made under Workers Compensation insurance policies in Pennsylvania. . . [and] about what, if any, benefits premium audits may provide to insured employers."[10]

Substantively, Defendants argue that the expert's methodology is not reliable and that Mr. Priz seeks to offer inadmissible legal opinions and inadmissible applications of facts to his own lay interpretation of the law.  Therefore, Defendants argue, his report and proposed testimony are unreliable and inadmissible under the principles articulated in *Daubert*[11] and must be excluded. Procedurally, Defendants argue that Plaintiff improperly failed to disclose their intent to rely on an expert to support their motion for class certification, and failed to disclose the expert report until their motion was filed; therefore, the Court should strike the report.

*A.    Substantive Issues*

The Court finds that Mr. Priz is qualified to examine the audits and their supporting documentation and summarize the criteria he believes Defendants used to determine NBL's premium charges, and the premiums charged for other proposed class members.  Mr. Priz is also

---

[10] Priz Report at 1.

[11] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

qualified to testify regarding the potential benefit an accurate premium audit provides to insured companies.

However, in addition to describing the criteria Defendants used to calculate premiums for NBL and other policyholders, Mr. Priz's report also opines that Defendants used the wrong criteria. This opinion is not based upon Mr. Priz's knowledge about the insurance industry, but based upon Plaintiff's interpretation of the law as set forth in the Complaint:

> Pennsylvania courts have established certain criteria concerning when independent contractors should be deemed employees for Workers Compensation purposes. These legal cases have been cited in the NBL Complaint, and indicate that the primary criterion to be used in Pennsylvania for determining whether or not to include payments to independent contractors in the computation of Workers Compensation insurance premiums is the control exerted by the insured over the work being performed by the independent contractors. The documents I have reviewed, however, make it clear that Hartford has been using a very different criteria. Hartford has been including payments to uninsured independent contractors if, in the opinion of Hartford auditors, the nature of the work being performed by the independent contractors is such that it is an inherent part of the business of the insured business.[12]

The Court notes that the parties dispute the correct interpretation of Pennsylvania's Workers Compensation law with regard to independent contractors, and Mr. Priz is *not* qualified to testify regarding the proper interpretation of the law, nor would such testimony be appropriate even if he were qualified, as it is for the Court to determine the applicable legal criteria. Similarly, the Court will not allow Mr. Priz to opine as to whether the audits at issue were conducted in compliance with the governing law, as he is not qualified to do so, and it is for the factfinder to apply the facts established through competent evidence to the governing law.[13] The Court, in its role as

---

[12] Priz Report at 4.

[13] Mr. Priz reaches his conclusion that Defendants' audit was improperly conducted by examining the criteria Defendants applied in relation to Pennsylvania law *as Mr. Priz understandings it*, and finding that the criteria used were not those required under Pennsylvania law.

gatekeeper, cannot permit the testimony of Mr. Priz regarding whether Defendants conducted a proper audit to the extent that it requires him to describe, apply, or interpret the relevant law or the contract entered into by the parties.

### B. *Procedural Issues*

Defendants also argue that NBL failed to disclose its intent to obtain an expert report in support of its motion for class certification, did not provide such a report during the discovery period, and first produced the report as an exhibit to its motion for class certification. Defendants argue that they have been prejudiced by the late disclosure of Mr. Priz's report, and further argue that it is appropriate to exclude Mr. Priz as an expert on this basis.

The Court looks first at the importance of the testimony it has found Mr. Priz qualified to provide. Plaintiff indicates that Mr. Priz's proposed testimony regarding the criteria Defendants applied in conducting its audits, especially in relation to their consideration of independent contractors, is simply a summary or synthesis of the audit documents and employee training documents.[14] In other words, the information to which Mr. Priz will testify could be obtained from other sources, including documentary evidence and direct and cross-examination of fact witnesses; Plaintiff has not established that expertise is required in order to identify the audit criteria, although presenting them without an expert might be less efficient. Similarly, the Court does not find that an expert is needed to establish that an audit may lead to either increased or decreased premiums for NBL or other purchasers of Workers' Compensation Insurance policies, and Mr. Priz's testimony will not be essential in establishing this fact. Therefore, it is

---

[14] Pl. Reponse, Doc. No. 79 at 2.

questionable whether Mr. Priz's testimony will materially help Plaintiff's case. Accordingly, the "importance" factor does not weigh in favor of allowing Mr. Priz to testify.

Plaintiff did not provide notice of or produce its expert report in advance of filing it as an exhibit to its Motion for Class Certification. The report, then, was a surprise to Defendants. Generally a defendant would have 30 days to rebut an expert report,[15] but in this circumstance, Defendants only had 14 days to respond to the Motion for Class Certification which relied upon that report. To the extent that Defendants believed they needed rebuttal evidence, this delay caused prejudice to them. However, Defendants could have mitigated any prejudice by requesting additional time to respond, and using that additional time to depose Plaintiff's expert, obtain its own expert report, or otherwise developed a rebuttal to Plaintiff's expert report.

Plaintiff has explained that it did not produce Mr. Priz's report earlier because he was not retained until after the close of class discovery, and the decision to include his report in the Motion for Class Certification was made very shortly before the Motion was filed. The Court finds no bad faith. Additionally, Plaintiff did not violate any court order or local rule by providing notice in conjunction with its Motion for Class Certification.

Because the factors do not weigh strongly in favor of either inclusion or exclusion, and exclusion of evidence is an extreme sanction, the Court will not exclude Mr. Priz's testimony on procedural grounds.

## IV.    CONCLUSION

For the reasons set forth above, the Court will strike portions of Mr. Priz's expert report consistent with the rulings herein. The Court will allow Mr. Priz to testify regarding the issues on

---

[15] Fed. R. Civ. P. 26(a)(2)(D).

which the Court has found him qualified at the hearing on Plaintiff's Motion for Class Certification.   An appropriate Order follows.